In the Matter of WALTER ALMGREN, Appellant, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Submitted November 24, 1952; decided January 15, 1953.

548

*Benjamin Goldring* and *Herman Pike* for appellant. I. The determination below is erroneous. (*Matter of Hart* v. *Mealey,*

287 N. Y. 39; *Hall* v. *Dilworth,* 94 Misc. 240; *Barker* v. *Savage,* 45 N. Y. 191; *Lee* v. *City Brewing Corp.,* 279 N. Y. 380; *Ward* v. *Clark,* 232 N. Y. 195.) II. The determination below takes the substance out of the " substantial evidence " test, and deprives the statutory standard of " gross negligence " of objective meaning. (*People* v. *Angelo,* 246 N. Y. 451; *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 303 N. Y. 639; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Gardner,* 255 App. Div. 683; *People* v. *Bearden,* 290 N. Y. 478.)

*Nathaniel L. Goldstein, Attorney-General* (*Abe Wagman, Wendell P. Brown* and *Irving L. Rollins* of counsel), for respondent. The record discloses evidence of gross negligence which is substantial in character and sufficient in law to justify the commissioner's determination. (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256; *Weigand* v. *United Traction Co.,* 221 N. Y. 39; *Tosto* v. *Marra Bros.,* 275 App. Div. 686, 299 N. Y. 700; *Von Der Geest* v. *Millinger,* 276 App. Div. 1093; *La Grande* v. *Abbott,* 266 App. Div. 507; *Lee* v. *City Brewing Corp.,* 279 N. Y. 380; *People* v. *Rosenheimer,* 209 N. Y. 115; *Ward* v. *Clark,* 232 N. Y. 195; *Plantz* v. *Greiner,* 232 App. Div. 73; *Shirley* v. *Larkin Co.,* 239 N. Y. 94; *People* v. *Bearden,* 290 N. Y. 478.)

*Per Curiam.* Giving the evidence in this record the consideration to which it is fairly entitled, we deem it insufficient, as a matter of law, to support the finding that petitioner was guilty of " gross negligence " in the operation of his motor vehicle, or that he operated it " in a manner showing a reckless disregard for life or property of others " within the meaning of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. (*Matter of Hart* v. *Mealey,* 287 N. Y. 39; *Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, affd. 303 N. Y. 639; *People* v. *Angelo,* 246 N. Y. 451.)

The order of the Appellate Division should be reversed, and the determination of the Commissioner of Motor Vehicles annulled, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.