In the Matter of the Estate of ELSIE DIAMOND, Deceased. LOUIS J. KAHN, as Administrator of the Estate of ELSIE DIAMOND, Deceased, Appellant; SIDNEY S. BERMAN, Respondent.— Appeal by an administrator from a decree of the Surrogate's Court, Kings County, which (1) decreed that since no proceeding was pending there was no need for the formal substitution of attorneys, (2) fixed the fee of respondent, the retiring attorney, together with his disbursements, and (3) directed respondent to deliver the papers to another attorney upon receiving payment of the fee and the disbursements. Decree affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

In the Matter of the Accounting of JACOB J. LUPATKIN, as Administrator of the Estate of MAX LUPATKIN, Deceased, Appellant. MAX KLEIN, Special Guardian for BERNARD LUPATKIN, Respondent.— Appeal by the administrator from so much of a decree of the Surrogate's Court, Westchester County, as (1) grants an allowance to the special guardian for his services, and (2) sustains certain objections to the account, and charges appellant (a) with certain moneys claimed to have been received by him as gifts from the intestate during his lifetime, and (b) with the value of certain jewelry claimed to have been given by the intestate to appellant's wife. Decree, insofar as appealed from, unanimously affirmed, with costs, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

In the Matter of MARY G. RODA, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of respondent suspending for 15 days the operator's license of petitioner for an alleged violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. The proceeding has been transferred to this court (Civ. Prac. Act, § 1296). Determination annulled, with $10 costs and disbursements. There is no substantial evidence to support the determination that petitioner was operating her motor vehicle with gross negligence or in a manner showing a reckless disregard for life or property of others (cf. Matter of Almgren v. Fletcher, 304 N. Y. 547; Matter of Jenson v. Fletcher, 277 App. Div. 454, affd. 303 N. Y. 639; People v. Angelo, 246 N. Y. 451). Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.