■ In the Matter of DAVID KARP, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles which suspended for 30 days petitioner's operator's license after a hearing and upon a finding that petitioner operated his automobile "in a manner showing a reckless disregard for life and property of others in Sullivan County, N. Y. on 4/20/59", in violation of Vehicle and Traffic Law (§ 71, subd. 3, par. [e]) then in effect. The Referee found that petitioner, pro-

ceeding on a four-lane highway divided by a mall on a clear dry day (the time being about 11:15 A.M.) and when, as he admitted, he could see several hundred feet ahead, observed a tractor and a tank trailer, painted white, in the right lane, in which he was traveling; and, assuming the tractor and trailer were moving he continued in the right lane, although there was no traffic in the left lane, until 50 to 75 feet from the rear of the trailer when, realizing that it was stopped, he veered to avoid it but nevertheless collided with it. The tractor driver testified that he turned on eight lights on the rear of the trailer when he left it 10 minutes before and the Referee found that the lights were on. This driver was fined for stopping on the pavement. Petitioner testified that he watched the trailer as he travelled several hundred feet and was 100 feet away when he observed that it was stopped. The petition states that petitioner's car was "demolished" and that he and his wife sustained "severe personal injuries". The Referee particularized the violation as petitioner's failure to observe the vehicle in front of him and to use the unused portion of the highway to avoid striking the rear of that vehicle. Petitioner's argument is addressed in considerable measure to the evidence, but its weight and credibility were, of course, for the Commissioner and, in fact, the findings were based in large part upon petitioner's testimony. Petitioner also argues forcefully that the negligence of the tractor operator was such as to relieve petitioner, at least from the charge of "reckless disregard for life or property"; but, of course, we may not assay comparative negligence nor may we apply contributory negligence as a bar. The inquiry was not directed to responsibility for the accident but to the manner of petitioner's operation. It is entirely conceivable that all the operators involved in an accident may be guilty of such highly reckless conduct as to constitute gross negligence in extreme degree on the part of each. Upon this record, the finding was well within the area of factual determination committed to the Commissioner. "Where casual, or slight negligence ends, and gross negligence begins may be difficult to determine, but essentially the issue is predominantly one of fact and not of law. Where there is room for the trier of the facts to draw diffierent conclusions certainly the issue is one of fact." (*Matter of Kelley* v. *Kelly*, 5 A D 2d 913, 914.) It is true that momentary failure of attentiveness and of control, resulting in accident, may in some circumstances constitute no more than ordinary negligence; but to relax attention and control while operating upon a modern, high-speed, divided highway at the rate of speed reasonably inferable from the facts of this case is to invite catastrophe of extreme severity. Negligence being relative, it seems to us that as risk and danger are thus magnified the degree of culpability is increased in proportion. It is also true, as the dissenting memorandum points out, that a driver may not expect to find a truck standing upon the pavement of a highway such as this; but temporary obstructions or impediments to travel in the outside lane are clearly foreseeable; and equally clear is the duty to be prepared, in such cases, to move to the passing lane. In previous cases, failure to observe and to avoid have been recognized as determinative factors in the Commissioner's evaluation and his action upon a finding of reckless driving was in each instance affirmed. (See *Matter of Cohn* v. *Fletcher*, 297 N. Y. 851; *Matter of Deutsch* v. *Hults*, 10 A D 2d 724.) Determination confirmed, without costs. Coon, Gibson, Herlihy and Reynolds, JJ., concur; Bergan, P. J., dissents, in the following memorandum: There are several cardinal principles of safety on high-speed thruways and other limited access roads. One of them is that no vehicle capable of moving is ever brought to a dead stop on the pavement. Drivers used to operating vehicles on these modern roads must watch out for certain expected dangers; but the danger of a single vehicle at a dead stop on the pavement is so unusual a situation as to lie beyond all reasonable expectation of danger based on experience. One might drive for years and for many thousands of miles on turnpikes and thruways without actually encountering

any such thing. And at high speeds the careful driver looks out for certain things which need quick action and adjustment; but even the most careful driver does not expect to find a truck stopped dead on the pavement with no one standing near it and with no warning, flare or sign. It is easy to believe that a truck in a travelled lane ahead is moving. It is quite understandable, therefore, that although petitioner saw the truck a considerable distance ahead of him, he thought, as anyone would, that it "was rolling at the time". To see the truck ahead and to see that it was at a dead stop are quite different things. Of course, whether the truck was stopped or moving, petitioner theoretically ought to have been able to avoid striking it; but at high speeds approaches occur very quickly and much more rapidly with an object standing still than moving in the same direction; and it is easy to understand how a mistake of judgment might occur in such a situation as this. A driver proceeding at a high speed behind a truck would normally go through an almost automatic calculation of making a move to pass the truck; but if he suddenly realized the truck was stopped rather than moving, the readjustment would have to be very rapid and it is obvious petitioner did not make it fast enough. The mistake that petitioner made is that he was not aware until too close to the situation, that a grossly and deceptively dangerous situation had been created on the road ahead of him. This may, or many not, be ordinary negligence for which a civil liability might result; but in the view I take of this record, it is not as a matter of law a "reckless disregard of life and property of others" which would warrant suspension of petitioner's license. (*Matter of Jenson* v. *Fletcher,* 277 App. Div. 454.) The determination ought to be annulled.