■ SEAGROATT FLORAL CO., INC., Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—Appeal from a judgment of the Supreme Court, entered March 12, 1979 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. This is an action for money damages allegedly sustained by plaintiff as the result of an interruption in telephone service at its place of business. The record reveals that on January 11, 1977 at approximately 8:30 A.M., plaintiff, engaged in marketing cut flowers, experienced an interruption in its telephone service. Defendant was immediately notified and service was partially restored at about 11:15 A.M. and fully restored between one and two o'clock in the afternoon. The record further reveals that the cause of the interruption was a cut cable; that in attempting to locate the cause of the trouble one of defendant's service foremen reported that no telephone company employee was working in the area of plaintiff's establishment; that it later developed that an installer-repairman was working in a building a block away, where a new service was being installed; that this employee had been instructed to clean out the old cables; and that in so doing he cut the cable that supplied service to plaintiff, which ran through the building in which he was working. The jury returned a verdict of $4,000 as compensatory damages and denied punitive damages. This appeal ensued. It is agreed that defendant's liability must be predicated on gross negligence. Defendant maintains in urging reversal that there was no evidence of gross negligence. On this issue, the court charged the jury, without exception, as follows: "gross negligence is a thoughtless disregard for consequences without any attempt to avoid them or a disregard of the consequences which may ensue from the act, an indifference to the rights of others. It implies wilfull misconduct or the intentional performance or omission of an act with a complete disregard of the probable consequences without any attempt to avoid them." As a general rule, it is for the trier of fact to determine whether on the evidence adduced a defendant is guilty of gross negligence (Matter of Karp v Hults, 12 AD2d 718, affd 9 NY2d 857). The proof in the instant case established that defendant ran the cable supplying service to plaintiff's establishment through another building a block away. Such practice was described by an employee of defendant as unusual. Another employee testified that no records were maintained of the location of the cables inside the building. There was further testimony that the defendant's service foreman directed the installer-repairman to clean out all the "dead stuff" after installing the new service. In finding some live cables the installer-repairman, as is the custom, checked with an employee of defendant in regard to assignment records and was assured there was nothing working in the building so he took them out. Under the circumstances, the jury could reasonably conclude that such conduct amounted to gross negligence, and we are unable to say as a matter of law that it was not. Passing to the question of damages, the record demonstrates that plaintiff did 95% of its daily business during the period from 8:00 A.M. to 12 noon and that the average daily sales figure for a Tuesday was approximately $5,900, and on the Tuesday in question it was approximately $1,900. There was also proof that the sales subsequent to January 11, 1977 were no higher than anticipated. Contrary to defendant's assertions, we are of the view that the proof of damages was sufficient to support the verdict. We have considered all other issues raised by defendant and find them unpersuasive. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.