■ In the Matter of EDITH RAMSDEN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for an accidental death benefit. Petitioner's husband was employed as a sergeant by the Town of Eastchester Police Department, and was a member of the State Policeman's and Fireman's Retirement System. While on duty on January 31, 1980, he was killed when he accidentally shot himself with his own service revolver. The Comptroller denied petitioner's application for an accidental death benefit upon the grounds that decedent's death was the result of his own willful negligence and was not sustained in the performance of his duties. This proceeding ensued. Section 361 of the Retirement and Social Security Law provides for an accidental death benefit where a member dies "as the natural and proximate result of an accident sustained in the performance of duty" (Retirement and Social Security Law, § 361, subd [a], par 1), if he "[d]id not cause such accident by his own willful negligence" (Retirement and Social Security Law, § 361, subd [a], par 2). The undisputed facts reveal that decedent, while taking an authorized coffee break at the home of a young friend, engaged in some "horseplay" with the friend, which included handcuffing the friend's wrist to a chair. Decedent then apparently attempted to dump the bullets from the cylinder of his service revolver into his hand, which he placed into his pocket. Decedent next pointed the gun at his own head and pulled the trigger. He then pointed the gun at his friend's head and pulled the trigger. Finally, he put the gun to his own head a second time and pulled the trigger; the gun fired, killing decedent. Only the spent shell casing was found in the cylinder of decedent's gun, while decedent's pocket contained five bullets. Petitioner contends that since there is no proof that decedent intended to shoot himself or that he knew of the existence of the one bullet remaining in the cylinder of his gun, decedent did not cause the accident by his own willful negligence. She further contends that since decedent was on duty and at an authorized coffee break, the accident occurred in the performance of his duties. The Comptroller has construed the term "willful negligence" in section 361 (subd [a], par 2) of the Retirement and Social Security Law as meaning that the member acted in conscious disregard of the consequences of his actions. We see no reason to disturb this rational construction of the statute, particularly since it involves an evaluation of factual data and inferences to be drawn therefrom, rather than pure statutory reading and analysis (see *Matter of Maso v Regan,* 81 AD2d 734, 735). The rationality of the Comptroller's construction of the statute is buttressed by reference to judicial decisions which have given similar meaning to the term "gross negligence" (see, e.g., *Almgren v Fletcher,* 304 NY 547; *Seagroatt Floral Co. v New York Tel. Co.,* 76 AD2d 1038, mot for lv to app den 52 NY2d 706; see, also, NY PJI 2:10A [1982 Cumm. Supp.], pp 36-37), and by reference to the definitions of "recklessly" and "criminal negligence" in subdivisions 3 and 4 of section 15.05 of the Penal Law. Moreover, the facts of this case support the Comptroller's construction of the statute. The record shows that decedent, familiar with the use of handguns, was or should have been aware of the substantial possibility that one or more bullets could remain in the cylinder when using the method

employed by decedent to empty the cylinder of bullets. Weapon handling instructions given decedent and other members of the police force included an admonition against doing just what decedent did. Under these circumstances, there is substantial evidence to support the Comptroller's determination that decedent's conduct rose above the level of ordinary negligence and constituted willful negligence. There is also substantial evidence to support the Comptroller's finding that decedent's accident did not occur in the performance of his duties. The Comptroller's decision is not, as petitioner suggests, based solely upon the fact that decedent was on a coffee break at the time of his death. Rather, the fact that decedent was engaging in unauthorized "horseplay" provides a rational basis for concluding that decedent had so completely departed from the duties required of his position that his death did not occur in the performance of those duties. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur.