■ In the Matter of BRETT ROBINSON, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [597 NYS2d 201] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

To be eligible for accidental or performance of duty disability retirement benefits, the employee's incapacitation must be the natural and proximate result of an accident or disability sustained while in service *(see,* Retirement and Social Security Law § 363 [a] [1]; § 363-c [b] [1]). In our view, there is substantial evidence in the record to support the Comptroller's determination that petitioner was not engaged in the performance of his duties at the time the disabling event occurred *(see, Matter of Martinson v Regan,* 176 AD2d 1121; *Matter of Marino v Regan,* 117 AD2d 845) and that his conduct constituted willful negligence.

Petitioner's injuries were sustained during a lunch hour

argument he was having with his wife. In the course of the argument, she got possession of his revolver, shot him and then fatally wounded herself. The fact that petitioner had reported to his headquarters that he was back in service from his lunch hour does not compel a different result; he never actually returned to his duties as a police officer, but instead continued quarreling with his wife. On the evidence presented, we cannot say that the Comptroller erred in concluding that petitioner was not in service at the time of the incident *(see, Matter of Martinson v Regan, supra)*.

There is also record support for the Comptroller's determination that petitioner's conduct amounted to "willful negligence" *(see,* Retirement and Social Security Law § 363 [a] [1]; § 363-c [b] [1]). That phrase has been construed by the Comptroller to mean that the employee "acted in conscious disregard of the consequences of his actions" *(Matter of Ramsden v Regan,* 91 AD2d 773, *lv denied* 58 NY2d 609). Here, the evidence is that even though petitioner had the opportunity to do so, he never reported the loss of his revolver to his superiors nor called for assistance to regain its possession. This, despite the fact that the incident took place in a public parking lot in the middle of the day and that his wife, who was infuriated with him because of perceived infidelities and who had previously threatened him with guns, was unfamiliar with the operation of his service revolver. Given these circumstances, there is substantial evidence to support the Comptroller's conclusion that petitioner's actions constituted willful negligence *(see, supra)*. Petitioner's remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.