■ In the Matter of EDWARD SCHACK, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which denied petitioner's application for accidental disability retire-

ment. Petitioner was a member of the New York State Employees' Retirement System employed as a laborer by the Vocational Education and Extension Board of Nassau County and assigned to the Fireman's Training Center. On August 17, 1972, he was struck in the back by a falling structure while at work. He experienced pain in the back and was out of work about 10 days. Thereafter, he was assigned to light duty. On April 23, 1973, he was directed to shovel sand and as a result thereof he allegedly reinjured his back. His employment was terminated on January 31, 1974. Pursuant to section 63 of the Retirement and Social Security Law, petitioner applied for accidental disability retirement benefits. The application was denied on the ground that petitioner was not permanently disabled. After a hearing, it was determined that "although the applicant may be permanently partially disabled, his disability is the result of the sand shoveling of April 23, 1973." The decision was upheld by respondent and this article 78 proceeding ensued. Basically, petitioner maintains that the determination is not supported by medical evidence and that he was denied due process when respondent improperly changed legal theories during the course of the proceedings. More specifically, on this latter contention petitioner notes that initially it was determined that he was not permanently disabled and after the hearing the denial was based on the ground that the disability was due to the shoveling of sand which was not an accident within the meaning of section 63 of the Retirement and Social Security Law. Since respondent is vested with the "exclusive authority" to determine applications for benefits, we must not disturb such determination if supported by substantial evidence (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Donahue v Levitt,* 55 AD2d 240). The burden was petitioner's to establish that there was an accident and that disability causally resulted therefrom (cf. *Matter of Cohen v Levitt,* 36 AD2d 992). An examination of the record reveals that respondent's doctor gave no opinion on causation; that petitioner's doctor testified it would be speculation as to which incident caused the disability but that petitioner's condition could be the result of shoveling sand. Considering the record in its entirety, the board could have properly concluded that petitioner did not meet his burden of establishing that the disability, if any, was due to the accident of August 17, 1972. In our view, there is substantial evidence in the record to sustain a determination that shoveling sand was the cause of any disability and that such occurrence was not an accident within the meaning of section 63. Finally, we reject petitioner's contention that he was denied due process in that he did not receive notice that causation was to be an issue. The record reveals that petitioner's doctor testified about causation and he was also cross-examined on that issue without objection on the part of petitioner's attorney. The determination, therefore, must be affirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Larkin, JJ., concur.