■ In the Matter of ISOBEL McDONALD, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the State Comptroller, which disapproved petitioner's application for accidental death benefits. John McDonald was a patrolman with the Buffalo Police Department and was also a member of a police pistol team. On October 6, 1970, the team attended a pistol match in Greece, New York, approximately an hour from Buffalo, and competed with a team representing Rochester, New York. After completion of the match, McDonald and a fellow patrolman were preparing in their motel room in Greece to attend a cocktail party and dinner. They were putting on their off-

duty revolvers, and, while the fellow patrolman was practicing drawing his gun, it accidentally discharged and killed McDonald. Petitioner, McDonald's wife, subsequently filed an application for accidental death benefits, which, after a hearing, was rejected by the Comptroller upon the ground that her husband's death was not occasioned during the performance of duties in the service upon which his membership was based. Petitioner now seeks to annul that determination. The Retirement and Social Security Law provides, in part, that an accidental death benefit is payable where the member's death is "the natural and proximate result of an accident sustained in the performance of duty in the service upon which his membership was based" (Retirement and Social Security Law, § 361, subd a, par 1). The Comptroller is vested with "exclusive authority" to determine all applications for retirement or benefits (Retirement and Social Security Law, § 374, subd b), and thus the issue is whether his determination that the decedent's death did not result from an accident sustained in the performance of his duties is supported by substantial evidence (see *Matter of Demma v Levitt*, 11 NY2d 735, 737; *Matter of Croshier v Levitt*, 5 NY2d 259, 265-266; *Matter of Tremblay v Levitt*, 65 AD2d 901). The Comptroller's determination rested upon his findings that the City Council of Buffalo did not authorize the decedent's attendance at the pistol match in accordance with the terms of section 77-b of the General Municipal Law; that the expenses for the trip were paid by the Patrolmen's Benevolent Association and not by the City of Buffalo; that prizes for the match were financed by donations from private corporations; and that the decedent was absent from duty since he was "absent with leave". Thus, there is a rational basis for the Comptroller's determination and, since it is supported by substantial evidence, it must be confirmed *(Matter of Tremblay v Levitt, supra)*. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.