■ In the Matter of RUDOLPH HERRMANN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, a member of the New York State Employees' Retirement System (hereinafter System), was employed as a correction officer at the Eastern Correctional Institution when, on February 12, 1975, he injured his back while pulling a switch to open a block of cell doors. His application for disability retirement benefits was disapproved on the basis that the incident did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law. At a hearing, petitioner testified that while pulling the lever and exerting pressure to open the cell doors, he slipped on garbage (a cigarette butt) on the floor, which caused him to strike his back on a steel control panel box.

Evidence was also introduced to show that petitioner failed to claim in any previous written reports of the occurrence that he had slipped and fallen on any cigarette butt or other debris as he claimed upon the hearing. Petitioner in this proceeding contends that the determination of the State Comptroller is not supported by substantial evidence. We disagree. The documentary evidence introduced at the hearing consisted of an "Employer's Report of Injury Form", filed with the Workers' Compensation Board, petitioner's sworn application for accidental disability retirement and a statement signed by petitioner prepared by a representative of the System who interviewed petitioner concerning his application. Nowhere in these documents was any mention made concerning a slip on any garbage relative to the incident. In view of petitioner's own description of the accident and the lack of any mention of slipping in the written reports of the incident produced at the hearing, there is sufficient support for the Comptroller's determination that petitioner was injured as a result of the ordinary physical effort required in the performance of his routine duties. Thus, the determination must be confirmed (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Deos v Levitt,* 62 AD2d 1121). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.