In the Matter of EDWARD D. MERKLE, Petitioner, v ARTHUR LEVITT, as State Comptroller, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a State trooper, injured his back while assisting in the removal of an injured accident victim from her vehicle. The Comptroller ruled that petitioner had not sustained an accident within the meaning of section 363 of the Retirement and Social Security Law and petitioner contends that the Comptroller erred in so ruling. The Comptroller has "exclusive authority to determine all applications for any form of retirement" (Retirement and Social Security Law, § 74) and, accordingly, his determination as to what constitutes an accident within the meaning of the statute will not be disturbed if supported by substantial evidence (Matter of Croshier v Levitt, 5 NY2d 259; Matter of Deos v Levitt, 62 AD2d 1121). Here, petitioner testified that he assisted the Clifton Park Rescue Squad in removing the victim from her vehicle on an orthopedic stretcher and transferring her to the regular stretcher used in the ambulance. He explained that he came into contact with the regular stretcher while carrying the orthopedic stretcher, causing him to slip onto one knee, and that in order to keep from dropping the victim, he had to extend himself over the regular stretcher while bearing the weight of the orthopedic stretcher, resulting in the back injury. In a prior written statement, however, petitioner had stated that he neither fell nor struck anything and his application for accidental disability retirement mentions nothing about slipping. In our view, this evidence created a factual question, based largely upon credibility, which was for the Comptroller to resolve, as to whether petitioner's injury was simply a recognized risk inherent in his usual duties, rather than the result of an accident, and since a finding that the injury resulted from physical strain in the ordinary performance of petitioner's duties justifies the Comptroller's conclusion that there has been no accident within the meaning of the statute (Matter of Herrmann v Levitt, 68 AD2d 957; Matter of Deos v Levitt, supra; Matter of Faulkner v Levitt, 60 AD2d 708), the determination herein, denying petitioner's application for accidental disability retirement, cannot be disturbed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.