■ In the Matter of DAVID CASTRICONE, Petitioner, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for disability retirement. Petitioner was employed as a fireman and on March 2, 1975 in response to an alarm he injured himself in attempting to slide down the brass pole. After a hearing his application for disability retirement benefits was disapproved on the basis that there had been no "accident" within the meaning of section 363 of the Retirement and Social Security Law since it was the result of ordinary physical effort required in the performance of petitioner's routine duties. Petitioner testified that the anchorscrews securing a railing loosened from the floor boards causing him to lose his balance and make an awkward descent. In his application for

benefits and in a signed statement containing answers to an investigator's questions, petitioner failed to mention that a loose railing caused him to lose his balance. Petitioner had the burden to establish that there was an accident and that disability causally resulted therefrom *(Matter of Schack v Levitt,* 65 AD2d 881, 882). Since petitioner failed to mention the loose railing in his application and written statement, the Comptroller could properly conclude that petitioner's injury was the result of the ordinary physical effort required in the performance of his routine duties *(Matter of Herrmann v Levitt,* 68 AD2d 957). There is substantial evidence in the record to sustain the determination and, therefore, it must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.