■ In the Matter of DOUGLAS KASTNER, Petitioner, v EDWARD REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner was a Nassau County police officer who, by application dated March 23, 1977, applied for accidental disability retirement (Retirement and Social Security Law, § 363) because of problems with his right ankle. The condition was alleged to have arisen as the result of an incident occurring on September 22, 1972, when a truck that petitioner was directing at the scene of an accident backed over his foot. The Comptroller disapproved the application on December 20, 1977 on the ground that petitioner was not permanently incapacitated for the performance of duty as a police officer. A timely request for a hearing and redetermination was made by petitioner (Retirement and Social Security Law, § 374, subd d) and, at the conclusion of the hearing, the application was again disapproved by a determination dated May 17, 1979. The basis for this second disapproval was the Comptroller's finding that petitioner's testimony was unworthy of belief and that the incident described by him as having taken place on September 22, 1972 did not in fact occur. This transferred article 78 proceeding seeking to challenge that determination ensued. Questions as to the weight and credibility of testimony rest with the hearing officer (see *Matter of Donato v Wyman,* 32 AD2d 1061). According to petitioner's testimony, he suffered a severe injury to his right ankle on September 22, 1972; the injury did not prevent him from completing his dury that day; he treated the injury himself by taping and soaking his ankle and was able to continue his

regular duties as a police officer; he did not consult a doctor until the following month and was advised to continue that treatment; he was able to go on a hunting trip in upstate New York in November of 1972; while he was vacationing in Switzerland in February of 1973, he took a friend to a doctor and asked the doctor to look at his ankle; the doctor, without consulting petitioner, immediately put his foot in a cast and said that the injury should have been treated; and, due to the cast, he was unable to work and did not resume his regular duties until April of 1973. The decision of the hearing officer, later adopted by the Comptroller, not to credit petitioner's story that the incident described occurred on September 22, 1972 in light of his entire testimony, was certainly reasonable and should not be disturbed (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Petitioner offered no other independent proof concerning the existence of his accident. Although he stated that he informed the desk sergeant of his injury and that a "blotter entry" was made on September 22, 1972, petitioner failed to present any evidence to substantiate this contention. The testimony of medical experts that an incident such as that described by petitioner could, "if correct", cause the condition from which he now suffered, does not constitute any proof of the accident's occurrence. Since there was no other evidence in the record to substantiate the happening of the September 22, 1972 incident other than petitioner's own testimony, which was disbelieved, petitioner failed in meeting his burden of proving his entitlement to an accidental disability retirement and the Comptroller's determination must accordingly be confirmed. Determination confirmed, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.