■ In the Matter of DOLORES SORLI, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which disapproved petitioner's application for accidental death benefits. During the early morning hours of August 14, 1977, Ralph Sorli, an off-duty police officer employed by the Suffolk County Police Department, responded to an alarm at the Parkside Service Station in Miller Place, New York. After gaining entry Sorli, using a telephone within the premises, notified the police department and the owner. Police Officer Loesch responded and remained at the scene for about seven minutes and departed, exclaiming that "everything that was supposed to be done was taken care of". Officer Sorli remained until the owner had secured the premises. He then left on foot and was struck by a motor vehicle a short distance from the service station, thereby sustaining injuries causing his death. Petitioner, Sorli's widow, subsequently filed an application for accidental death benefits which, after a hearing, was rejected by the Comptroller upon the ground that her husband's death was not occasioned during the performance of duties in the service upon which his membership was based (Retirement and Social Security Law, § 361, subd a, par 1). Petitioner now seeks to annul that determination. Since the Comptroller is vested with exclusive authority to determine all applications for benefits (Retirement and Social Security Law, § 374, subd b), the sole issue is whether the challenged determination is supported by substantial evidence *(Matter of McDonald v Levitt,* 67 AD2d 778, mot for lv to app den 47 NY2d 708). Here,

it is clear that the deceased fulfilled all of his police responsibilities and reverted to an off-duty status when he departed the service station. We must reject petitioner's argument that his involvement in police work could not have ended until he notified the police department that the premises were secured. The contention that he was walking toward a call box for that purpose is speculative and cannot logically comport with either the availability of a telephone within the premises (which had been used by Sorli to report the commencement of his investigation) or with his knowledge that Officer Loesch had returned to the station house. Next, the case of *Matter of Ralph v Board of Estimate of City of N. Y.* (306 NY 447) is inapposite. In *Ralph,* benefits were awarded because the covered employee was fatally injured while returning to the municipal office from which he had left to inspect certain work being done for the City of New York. There was no interruption of his employment. Here, the deceased was off duty, returned to a duty status for the purpose of an investigation and was killed after the duties necessary for the task at hand were completed. Thus, since we conclude that petitioner has failed to sustain her burden of proof that the death-causing accident occurred while her husband was "in the performance of duty in the service upon which his membership was based" (Retirement and Social Security Law, § 361, subd a, par 1), we are compelled to confirm the determination of the Comptroller. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J.,Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The decision of the Comptroller that Officer Ralph Sorli was not on duty on August 14, 1977 when he was killed is not supported by the uncontroverted evidence in the record. Officer Sorli was off duty on August 14 when he heard an alarm go off at the Parkside Service Station. He went to investigate and found the window of an overhead garage door broken. He called the precinct at 1:20 A.M. and asked for police assistance. Officer Maguire instructed him to stand by. Ten or 15 minutes later he called again and asked where the police car was. Officer Maguire apologized and said the police were short on manpower and he would call the dispatcher again to send a car. He once again instructed Sorli to stand by and to call in when he was finished there. Officer Sorli's wife meanwhile notified the station owner, who arrived at the scene. An Officer Loesch also appeared, investigated and left to answer another call. He made the field report of the incident after leaving the scene because he was backed up on his work and left hurriedly to answer another alarm. Officer Sorli remained there while the owner went home to get some wood to secure the broken window. When the owner returned and had secured the window, Officer Sorli left. He was struck by a car some 60 feet away from the premises and was killed. He had exited the station in a southeasterly direction and had stepped onto the road when he was struck. The police call box was two blocks away and across the street. The personnel officer of the Suffolk County Police, Captain Joseph Monteith, testified that police officers, in conformity with the departmental rules, are police officers 24 hours a day. They are required to take action when criminal activity is suspected. When an off-duty officer takes police action, he is required to notify his precinct of the inception of his action and to report its conclusion. Captain Monteith's most crucial testimony came when he testified that, according to departmental rules, the responsibility of the officer does not cease until he is relieved, or the owner is able to secure the premises. Nassau County, under the terms of the collective bargaining agreement

with its police officers, was responsible to pay an officer overtime and afford him all other benefits when he is obliged to take police action while off duty. Officer Sorli's widow was paid time and a half for his work that evening from the time he called into the precinct at 1:20 A.M. until the time of his demise. Based on overwhelming evidence in the record, Officer Sorli's duty had not ceased. His life was dramatically aborted before he had an opportunity to call his precinct desk. The disapproval of the accidental death benefit on the basis of Officer Loesch's testimony should not stand. Officer Loesch, harried by other calls, left Officer Sorli to fulfill the police obligation of seeing that the premises were secured. To infer that Officer Loesch's leaving concluded the obligation of the police to the property owner flies in the face of the overwhelming evidence in the record supplied by Captain Monteith and Officer Engel, his superior, as to the obligations of an off-duty officer. The Comptroller held that the police duty of Officer Sorli had ceased at some time before his death. Assuming, *arguendo,* but not conceding that this is so, the death benefit is nonetheless payable. Section 361 of the Retirement and Social Security Law says that a death benefit is due if a member dies before the effective date of his retirement, as the natural and proximate result of an accident sustained in the performance of duty in service upon which his membership was based. Certainly here the officer died as a natural and proximate result of an accident sustained in the performance of his police duty, irrespective of whether one considers his obligation technically completed at the scene. He was struck fatally within seconds of leaving the premises at which he had remained as part of his obligations as an officer. His place at the fatal accident scene had no relationship to his private business, but was in furtherance of his obligations as a police officer. His duties did not cease the minute he left the premises, but continued for a reasonable time necessary to make his call to the precinct. He died before the expiration of that time *(Matter of Ralph v Board of Estimate of City of N. Y.,* 306 NY 447). The decision of the Comptroller should be annulled.