## (January 15, 1981)

■ In the Matter of ALVIN FLOWERS, Petitioner, v EDWARD REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, a member of the New York State Employees Retirement System, was employed as a street maintainer by the City of New Rochelle when he allegedly injured his back while lifting or moving a "sweeper can" containing sand. He asserts that the injury was accidental because it involved contact

with a piece of machinery being moved by another employee at the time of the injury. The Comptroller first denied the application for accidental benefits upon the ground that the petitioner had failed to provide timely notice. However, following a hearing on that issue, it was determined that there had been timely notice. The Comptroller then denied the application upon the ground that there had been no accident within the meaning of section 63 of the Retirement and Social Security Law. A hearing was held upon the issue of accident and upon that record the determination here sought to be reviewed was rendered denying the application because of a failure to establish an accident. The record contains testimony and documentary evidence contradicting the petitioner's assertion that he either bumped or was bumped by the employer's machinery as he performed his duties. Issues of credibility are for the Comptroller. *(Matter of Kastner v Regan,* 75 AD2d 977.) The record contains support for the determination that there was a failure to establish an accident. (See *Matter of Kastner v Regan, supra; Matter of Merkle v Levitt,* 69 AD2d 973; *Matter of Herrmann v Levitt,* 68 AD2d 957.) It should be noted that between the first hearing on January 4, 1977 and the second hearing on June 8, 1978, petitioner's testimony as to the happening of the alleged accident was substantially different. Petitioner's apparent contention that the Comptroller lacked authority to issue the second denial of the application because of an estoppel or *res judicata* has been considered, and in view of the fact that the first hearing was limited in scope to the issue of "notice" and did not deal with the issue of "accident", we find no basis for further considering the question in this case. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.