■ In the Matter of ELIZABETH MASO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, an employee of the Town of Brookhaven Highway Department, was injured on the way to her car following the termination of her work on July 28, 1978. The accident occurred in a parking lot owned by the Town of Brookhaven and in which petitioner had parked her car. Petitioner's application for accidental disability retirement pursuant to section 63 of the Retirement and Social Security Law was denied on the ground that she was not in service at the time of the incident having already concluded her work for the day. This proceeding was then commenced to review the Comptroller's determination. Entitlement to accidental disability retirement requires, *inter alia,* physical or mental incapacitation for performance of duty as the natural and proximate result of an accident sustained in service (Retirement and Social Security Law, § 63, subd a, par 2). The Comptroller determined that since petitioner fell in the parking lot after concluding her work for the day, she was not in service at the time of the incident and, therefore, ineligible for accidental disability retirement. It is urged by petitioner that the Comptroller's interpretation of the statute in question is too narrow and that she should have been considered in service at the time of her accident. Petitioner relies on cases involving the Workers' Compensation Law wherein interpretations of the phrase "injuries arising out of and in the course of employment" have included injuries to employees under circumstances similar to those in the present case (see *Matter of Lynch v City of New York,* 242 NY 115; *Matter of Donehue v Hebbard,* 246 App Div 662). Petitioner is in fact receiving benefits under the Workers' Compensation Law as a result of the accident in question. By statute, however, a determination by the Workers' Compensation Board awarding benefits shall not constitute a determination that an accidental disability retirement allowance is payable (Retirement and Social Security Law, § 64, subd b) and it is well established that the Comptroller is vested with "exclusive authority" to determine applications for any form of retirement (Retirement and Social Security Law, § 74, subd b; *Matter of Moore v Levitt,* 74 AD2d 971). The Comptroller's independent judgment, when supported by substantial evidence, must be accepted *(Matter of Sica v New York State Employees'*

*Retirement System,* 75 AD2d 927; *Matter of Mathews v Regan,* 69 AD2d 970, mot for lv to app den 48 NY2d 610). In our view, interpretation of the statute in question involves an evaluation of factual data and inferences to be drawn therefrom and the issue is not one of pure statutory reading and analysis. Consequently, the Comptroller's interpretation, if not irrational nor unreasonable, should be upheld *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Upon consideration of the record in its entirety, we are of the opinion that the Comptroller's determination is neither irrational nor unreasonable and it is supported by substantial evidence and, therefore, it must be confirmed (cf. *Matter of Sorli v Levitt,* 77 AD2d 773). Determination confirmed, and petition dismissed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.