## (October 15, 1981)

In the Matter of FRANCIS X. SHEEHAN, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement.

Petitioner, a detective with the Nassau County Police Department for over 20 years, was afflicted with heart fibrillations on January 4, 1977 while moving a four-drawer filing cabinet in the Special Operations Squad Office. He was hospitalized and was unable to resume his duties. In his November 30, 1977 application for accidental disability retirement, he claimed that he suffered from mitral insufficiency. Following respondent's initial denial of petitioner's application for accidental disability retirement, a hearing officer determined that moving filing cabinets, while exertive, was part of petitioner's normal duties, and did not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. At that hearing, held several months after the original claim form was filed, petitioner testified that the top drawer of the filing cabinet came flying out and struck him in the chest. This conflicted with his application which stated that "while moving cabinets in room 319 *** I became light headed and felt a pain in my left side (chest area). I began to sweat profusely and realized a rapid beating of my heart". Although petitioner's testimony was corroborated by his superior officer, respondent rejected the claim concluding that the incident did not constitute an accident. This proceeding ensued. It is well established that the Comptroller's exclusive authority to determine what constitutes an accident will not be disturbed if supported by substantial evidence (Retirement and Social Security Law, § 74, subd b; *Matter of Croshier v Levitt*, 5 NY2d 259). Petitioner had the burden to establish that there was an accident and that a causally related disability resulted *(Matter of Castricone v Regan*, 75 AD2d 929; *Matter of Schack v Levitt*, 65 AD2d 881). The performance of routine duties which results in the onset of physical disability does not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law (see *Matter of Sorge v Levitt*, 71 AD2d 767). Petitioner's testimony, differing substantially from his claim, and although corroborated, created both a factual question and one of credibility for the Comptroller to determine *(Matter of Merkle v Levitt*, 69 AD2d 973). In view of these conflicts and inconsistent versions of the incident, the Comptroller could properly conclude that the injury was the result of ordinary physical effort required in the performance of petitioner's routine duties *(Matter of Herrmann v Levitt*, 68 AD2d 957; *Matter of Deos v Levitt*, 62 AD2d 1121). The decision is supported by substantial evidence and we, accordingly, must affirm. Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.