■ In the Matter of VINCENT STAFFA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a Nassau County Police Officer assigned to the Emergency Services Division, was working the 7:00 A.M. to 3:00 P.M. tour of duty on March 3, 1978. The Emergency Services Division maintains the police vehicles. Petitioner and others were in the process of fixing a flat tire on a dump truck needed for snow removal when he injured his back. As a result of the injury, petitioner missed several days' work and he subsequently applied for accidental disability retirement which was denied on the ground that the events of March 3, 1978 did not constitute an accident within the meaning of that term as used in section 363 of the Retirement and Social Security Law. The Comptroller has the exclusive authority to determine all applications for retirement benefits and if there is substantial evidence to sustain his determination we must not disturb it (*Matter of Croshier v Levitt,* 5 NY2d 259). The issue to be determined, therefore, is whether there is substantial evidence in the record to sustain respondent's conclusion. We believe there is. In a signed statement to his commanding officer, petitioner stated that while he and another were changing the tire, it became necessary to use a crowbar and sledgehammer to loosen the damaged wheel and that when the outer wheel finally came loose it was sudden, catching him and the other officer off guard. He also stated that they grabbed for the wheel and he then felt a sharp pain causing him to double over and drop the loose wheel. A similar account was stated in petitioner's application for accidental disability retirement. At the hearing, however, petitioner testified to a different version indicating that when the wheel suddenly let loose it knocked him down. These conflicting stories merely presented questions of fact, based largely upon credibility, for respondent to resolve (*Matter of Merkle v Levitt,* 69 AD2d 973). In resolving this conflict, the Comptroller could properly determine that petitioner's injury resulted from the ordinary physical effort required in the normal performance of his duties (see *Matter of Castricone v Regan,* 75 AD2d 929). There is substantial evidence to support the determination and, therefore, it must be confirmed (see *Matter of Tremblay v Levitt,* 65 AD2d 901). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.