■ In the Matter of SHIRLEY G. SHAFRON, Petitioner, v NEW YORK STATE RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was employed by the Town of Oyster Bay as Deputy Town Clerk from February, 1973 until February 6, 1978. She thereafter applied for accidental disability retirement based on alleged injuries arising from two incidents. The first incident occurred on October 23, 1974 during working hours when she slipped and fell on an oily floor in the supply room at her work place injuring her right leg. The second incident occurred on February 6, 1978 after she had been given a ride from her place of work to within three and one-half blocks of her home in a town truck during a severe snowstorm. In attempting to walk to her home she allegedly lost the boot for her right foot in a snowbank causing frostbite to that foot. The retirement system conceded that the October 23, 1974 accident occurred while she was in the course of her duties. The Comptroller ruled that the February 6, 1978 accident did not occur in the course of her duties and was not an accident within the meaning of section 63 of the Retirement and Social Security Law. The Comptroller further determined that petitioner was not permanently incapacitated from the performance of her duties as Deputy Town Clerk as a result of her injuries. The primary issue raised in this proceeding is whether the Comptroller's determinations are supported by substantial evidence. Determining what constitutes an accident is within the realm of the "exclusive authority" vested in the Comptroller by subdivision b of section 74 of the Retirement and Social Security Law (*Matter of Croshier v Levitt,* 5 NY2d 259, 265). The determination of the Comptroller that the second incident did not constitute an accident within the meaning of section 63 is supported by substantial evidence. In addition, petitioner testified that the incident occurred after she had completed her duties and left her place of employment for home (see *Matter of Sorli v Levitt,* 77 AD2d 773). It is well settled that where the medical evidence is conflicting, as here, the Comptroller possesses the authority to accord greater weight to the opinion of one physician over another (*Matter of Sica v New York State Employees' Retirement System,* 52 NY2d 941, affg on opn below 75 AD2d 927). As the testimony of the retirement system's medical expert provides substantial evidence to support the determination of the Comptroller, that determination must be confirmed. Petitioner's claim that she was deprived of a fair hearing is without merit. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ, concur.