■ In the Matter of ERNEST J. PUCILLO, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. On Saturday, October 25, 1980, petitioner was employed as chief of operations for the Nassau County Police Department. On that date, after spending a portion of the morning at police headquarters, petitioner drove through a rainstorm to a shopping center to meet his daughter and transport her home. While en route from the shopping center to their home, a tree fell upon the car and severely injured petitioner. In due course, petitioner applied for accidental disability retirement benefits. This application was disapproved by the Comptroller on the ground that the above accident was not sustained in the performance of petitioner's duties (Retirement and Social Security Law, § 363, subd a). The instant transferred CPLR article 78 proceeding ensued. The sole issue raised in this proceeding is whether the Comptroller's determination is supported by substantial evidence. Petitioner's position is that because he was in command for 24 hours a day, seven days a week, and was required to maintain communication at all times, he was on duty all the time. Respondents, however, contend that when petitioner left police headquarters on October 25, 1980, he was no longer engaged in the performance of his duties. On the instant record, we are constrained to find that the Comptroller's determination is supported by substantial evidence (see *Matter of Shafron v New York State Retirement System,* 87 AD2d 695; *Matter of Maso v Regan,* 81 AD2d 734; *Matter of Sorli v Levitt,* 77 AD2d 773, app dsmd 52 NY2d 897). The Comptroller's determination in this tragic case must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey and Weiss, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Petitioner was employed as chief of operations for the Nassau County Police Department. As such he was a commanding officer and had responsibility seven days a week, 24 hours a day, to insure the proper delivery of police service to his community and the proper performance of duty by those under his command. On October 25, 1980, petitioner left his home for police headquarters because a storm had developed. His daughter accompanied him and he dropped her off at Williston Park where he was to pick her up on the way home. While on the way home, with his daughter in the car, he was injured when a tree limb fell on the roof of his car. As a result of these injuries, petitioner is severely disabled. The car being used by petitioner was made available to him by his employer for the employer's special benefit. It also made possible petitioner's constant contact with the operations of the department he was charged with overseeing. The record supports the conclusion that petitioner was still in his official duties of monitoring the storm and attending to his command post when injured. His travel to and from his office was incidental travel which was in the performance of his duties. The cases cited by the majority are inapposite and do not

apply to a situation involving a high-ranking command officer such as petitioner who was on around-the-clock call to supervise his department and was injured in the severe storm he was monitoring. The determination should be annulled and the petition granted.