■ In the Matter of JOSEPH V. ALESSIO, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered July 17, 1984, which in an article 78 proceeding granted the petition to the extent of remanding petitioner's application for accident disability retirement for redetermination as to whether his disability was causally connected to an accidental injury received in city service, reversed, on the law, without costs, and the petition is dismissed.

On January 17, 1982, petitioner, a New York City Housing Authority police officer, suffered a fractured right arm, eventually resulting in his disability to discharge his duties as a police officer, when he slipped and fell on an icy surface in front of his precinct station house. The fall occurred a few minutes before petitioner's scheduled tour of duty and as he was reporting to work.

On August 9, 1982 petitioner applied for accident disability retirement. Following an examination, the medical board concluded that he was disabled from performing his duties as a police officer, but recommended that his application for accident disability retirement be denied on the grounds that his fall was not an accident, and that "a satisfactory correlation between the incident claimed to be the causal event and the symptoms has not been established." Accepting the recommendation, the New York City Employees' Retirement System's (NYCERS) Board of Trustees denied petitioner's application for accident disability retirement.

Following petitioner's request for reconsideration of the denial, and after a further review by the medical board, the board adhered to its original recommendation, assigning, how-

ever, a different reason for recommending denial of the application. The medical board concluded that petitioner was "not in the performance of City service at the time of the incident."

On February 3, 1984, the trustees again accepted the recommendation of the medical board and passed a resolution denying the petitioner's application for accident disability retirement. Prior to the adoption of this resolution, and following an examination of the petitioner at the request of the New York City Housing Authority for retirement on ordinary disability, the medical board had recommended that petitioner be retired on ordinary disability, and this recommendation too had been accepted by the NYCERS Board of Trustees on December 16, 1983.

Thereafter, on February 9, 1984, this article 78 proceeding was commenced, in which petitioner requested, *inter alia,* that the trustees' denial of his application for accident disability retirement be "annulled as arbitrary and capricious." Special Term granted the petition to the extent of remanding the application for a new determination by the NYCERS Board of Trustees in an opinion that concluded that the denial of petitioner's application for accident disability retirement was arbitrary and capricious. We disagree, and accordingly reverse the order appealed from and dismiss the petition.

Preliminarily we observe that the grounds first assigned by the medical board for denying accident disability retirement, and apparently approved by the NYCERS Board of Trustees, were erroneous. As was made clear by the Court of Appeals in *Matter of McCambridge v McGuire* (62 NY2d 563), a case decided after the medical board's original recommendation and the approval of the board of trustees, petitioner's fall on an icy surface constituted an accident within the meaning of the governing Administrative Code section. We are further unable to find any basis in the record for the conclusion that the disabling injuries sustained by the petitioner were not causally related to that accident, a conclusion implicitly withdrawn by the medical board in their later determination.

The later determination of the medical board that petitioner's disability was not sustained as a result of accidental injury in city service, which presents the dispositive issue on this appeal, is more firmly supported by the record.

New York City Administrative Code § B3-40.0 authorizes accident disability retirement where it is determined that the employee "is physically * * * incapacitated for the performance of city-service, as a natural and proximate result of

such city-service". We are persuaded that there was a rational basis for the determination of the NYCERS Board of Trustees that the disabling injury sustained by petitioner did not occur "in * * * City service." *(See, Matter of Maso v Regan,* 81 AD2d 734; *see also, Matter of Canfora v Board of Trustees,* 60 NY2d 347.)* Cases involving interpretation of Workers' Compensation Law § 10, relied on by Special Term, seem to us clearly inapposite since the comparable language in that section is markedly broader than the dispositive language in Administrative Code § B3-40.0. Concur—Sandler, J. P., Sullivan, Bloom, Lynch and Kassal, JJ.