■ In the Matter of MAFALDA SMITH, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

The facts are undisputed. Petitioner, who was employed as a stenographer by the State University of New York at Stony Brook, fell and was injured in the campus parking lot while en route to her office at approximately 8:25 A.M., on April 29, 1981. Her official workday began at 8:30 A.M. She reported to work and notified her supervisor of the incident. In due course, petitioner filed an application for accidental disability retirement benefits* pursuant to Retirement and Social Security Law § 63. After a hearing, petitioner's application was denied on the basis that she was not "in service" at the time of the incident, having yet to report to work. The instant CPLR article 78 proceeding ensued and was transferred to this court.

The sole issue is whether respondent's decision is supported by substantial evidence. In *Matter of Maso v Regan* (81 AD2d 734), this court confirmed a determination by respondent denying an application for accidental disability retirement benefits in an instance where the applicant was injured in a parking lot provided by the employer on the way to her car immediately after work. In so ruling, we rejected the applicant's contention that respondent construed the "in service" element of Retirement and Social Security Law § 63 (a) (2) too narrowly *(id.)*. This case is virtually indistinguishable from *Maso*. There is no logical distinction between petitioner, who was injured en route to work, and the applicant in *Maso*, who was injured leaving work, for in either event, respondent could rationally conclude that the incident did not occur "in service". Nor, as we reiterated in *Maso,* does the fact that petitioner qualified for workers' compensation benefits *(see, Matter of Brooks v New York Tel. Co.,* 87 AD2d 701, *affd* 57 NY2d 643) determine the issue before us. In the matter before the Workers' Compensation Board, respondent did not have an opportunity to challenge the issue. Respondent's decision is

---

* Petitioner's claim for ordinary disability retirement has been withdrawn.

supported by substantial evidence and we, accordingly, confirm *(see, Matter of Maso v Regan, supra; see also, Matter of Pucillo v Regan,* 98 AD2d 877, *affd* 62 NY2d 736; *Matter of Sorli v Levitt,* 77 AD2d 773, *appeal dismissed* 52 NY2d 897).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.