■ In the Matter of JENNIE MARINO, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, who was employed as a therapy aide at Middletown Psychiatric Center, slipped and fell on ice after she had disembarked from an automobile in the employer's parking lot. The fall occurred when petitioner was returning to work after her lunch period. She filed an application for accidental disability retirement benefits claiming disability due to injuries sustained in the fall. Her application was disapproved on the ground that the cause of disability did not constitute an accident which occurred in the performance of her job duties. She timely sought a hearing pursuant to Retirement and Social Security Law § 74 and redetermination upon her appli-

cation. The hearing officer found, and respondent determined, that the injuries were not sustained in the performance of her work duties and denied the application. This proceeding ensued.

Both parties agree that the sole issue is whether the determination is supported by substantial evidence. To be eligible for accidental disability retirement benefits, an employee's incapacitation must be the natural and proximate result of an accident sustained in service (Retirement and Social Security Law § 63 [a] [2]). In *Matter of Smith v Regan* (115 AD2d 161) and *Matter of Maso v Regan* (81 AD2d 734), this court sustained the Comptroller's determination denying accidental disability benefits to claimants who had sustained injuries while entering or leaving the employer's premises before or after the workday. Here, claimant urges that, while she was not actually performing her job duties at the time of her accident, she had not yet concluded her workday, thereby distinguishing the factual situation from both *Matter of Maso* and *Matter of Smith*. We disagree. Claimant was on her 30-minute lunch period when injured, clearly not in service or "engaged in the performance of [her job] duties" *(Matter of Pucillo v Regan,* 98 AD2d 877, *affd* 62 NY2d 736; *see, Matter of Sorli v Levitt,* 77 AD2d 773, *appeal dismissed* 52 NY2d 897, 900). The fact that the hearing officer found that the accident occurred at 12:30 P.M. and that claimant's lunch hour ended at the same time does not compel a different result.

Since the determination is supported by substantial evidence in the record, it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.