■ BETTY O. MUKA, Respondent-Appellant, v SUPREME COURT OF THE STATE OF NEW YORK et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court at Special Term (Fischer, J.), entered February 7, 1985 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint and denied defendants' motion for injunctive relief.

Judgment affirmed, without costs, upon the opinion of Justice Robert E. Fischer at Special Term. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

■ In the Matter of JOHN SHIRVELL, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On January 28, 1981, while taking a burglary suspect into custody, petitioner suffered a heart attack. Subsequently, on or about April 14, 1983, petitioner filed an application for accidental disability retirement benefits. This application was disapproved on the ground that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Petitioner appealed this determination and, after a hearing, respondent issued a determination in which he denied the application on the ground that the incident in question was not an accident. This CPLR article 78 proceeding ensued and was transferred to this court.

We confirm. The record contains substantial evidence to support respondent's determination that the incident of January 28, 1981 occurred in the ordinary course of petitioner's normal and expected duties and, as such, did not constitute an accident *(see, Matter of Sheehan v Regan,* 84 AD2d 604, 605).

Contrary to petitioner's assertion, the change by the Legislature in 1974 of the presumption contained in Retirement and Social Security Law § 363-a did not impair any right of petitioner *(cf. Matter of Lippman v Board of Educ.,* 66 NY2d 313). The determination must, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.