■ In the Matter of CLEMENCE CHAMBERS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner applied for accidental disability retirement benefits on the basis of three injuries she sustained. The first occurred in November 1977 when she slipped and fell on an icy ramp leading to the building in which she worked, injuring her back. The second occurred in October 1983 when she slipped while climbing onto a forklift, again injuring her back. The third occurred on that same date when she aggravated the back injury while lifting a large box. Following a hearing, respondent denied her application, finding that the 1977 injury was not sustained in the performance of petitioner's duties and that the 1983 incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 63. This CPLR article 78 proceeding ensued.

We confirm respondent's determination. With regard to the 1977 injury, we find that petitioner had not yet begun her duties, despite the fact that she was entering the building to begin her duties, and thus did not sustain her injury in the course of her duties (see, Matter of Marino v Regan, 117 AD2d 845; Matter of Smith v Regan, 115 AD2d 161; cf. Alessio v New York City Employees' Retirement Sys., 114 AD2d 774, affd 67 NY2d 978). The fact that petitioner was required to use a specific entrance to gain entry to the building does not compel a different result.

Next, with respect to the forklift injury, we find that that injury resulted from a risk inherent in petitioner's duties, not from an unexpected event (see, Matter of McCambridge v McGuire, 62 NY2d 563, 568). The record reveals that the

injury resulted from petitioner's own misstep rather than any unforeseen circumstances such as a wet surface *(see, id.,* pp 567-568; *Matter of Rowe v Regan,* 107 AD2d 967, 968) and, accordingly, the forklift injury did not result from an accident within the meaning of Retirement and Social Security Law § 63. Similarly, with regard to petitioner's third injury, we note that petitioner herself stated that lifting boxes was one of her regular duties. Since this injury resulted from physical exertion in the performance of petitioner's regular duties, the incident does not qualify as an accident *(see, Matter of Mc-Cambridge v McGuire, supra; Matter of Atkins v Regan,* 84 AD2d 619). We accordingly find that respondent's determination is supported by substantial evidence and should be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.