■ In the Matter of FRANCIS M. ESPOSITO, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer employed by the Nassau County Police Department, filed an application for accidental disability retirement benefits with respondent. A back injury allegedly sustained and aggravated in duty-related accidents underlies the application. After the petition was denied, petitioner requested a redetermination to challenge the disposition. Hearings were held, after which the Hearing Officer determined that the incidents were not accidents within the meaning of Retirement and Social Security Law § 363, and in any event that petitioner failed to prove that he was permanently unable to perform restricted duty assignments. Petitioner then commenced this proceeding to challenge respondent's decision disapproving his retirement application.

The events giving rise to petitioner's injuries occurred on August 21, 1979 (an incident about which no testimony was taken at the hearing), October 27, 1982 and April 11, 1985. The Hearing Officer did not consider an additional accident which allegedly occurred in 1978 because petitioner failed to file proper notice as prescribed by Retirement and Social Security Law § 363; this latter determination is not questioned in this proceeding.

Respecting the incident of October 27, 1982, the evidence discloses two versions of what transpired. The Hearing Officer found as a fact, and the record evidence supports this finding, that the more credible version of the accident appears in petitioner's injury report, prepared on the very day of the accident. There, petitioner represented that while assisting an emergency medical technician take an aided patient down a flight of stairs in a "stair chair", he endured strong pains in his back. The Hearing Officer chose to accept this version rather than that advanced at the hearing, which was essentially that the assistant helping petitioner carry the patient in the stair chair dropped her end, causing the weight of the victim to pull forward suddenly on him. Issues of credibility being for respondent to resolve, we cannot fault his decision in this regard (see, Matter of Herrmann v Levitt, 68 AD2d 957, 958; see also, Matter of Merkle v Levitt, 69 AD2d 973). As the injury petitioner suffered on this occasion was sustained while performing routine duties and was not the product of some unexpected event (see, McCambridge v McGuire, 62 NY2d 563, 568; Matter of Chambers v Regan, 125 AD2d 920, 921; cf., Matter of Echols v Regan, 161 AD2d 1024, 1025), an award of accidental disability retirement benefits would be inappropriate.

Similarly, with respect to the events of August 11, 1985, here again the Hearing Officer, with justification in the record, found the injuries petitioner suffered were not the result of an accident within the meaning of Retirement and Social Security Law § 363. The co-worker's testimony and petitioner's sworn description of the occurrence contained in his accidental disability retirement application support this finding. The Hearing Officer found that petitioner injured his back, leg and neck while aiding a co-worker lift a female victim on a stretcher from the ground to place it in an ambulance. Respondent was not obliged to accept petitioner's testimony that the quick movement of the patient caused the stretcher to pin petitioner against the vehicle.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.