■ In the Matter of RONALD EDWARDS, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of

respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer, injured his back on January 27, 1987 while assisting in loading a snowblower into a State van. His application for accidental disability retirement benefits was disapproved upon the ground that he had not sustained an injury as a result of an accident within the meaning of Retirement and Social Security Law § 63. In an injury report completed on the day of the incident, petitioner simply stated that he felt a pain in his upper left back while lifting the snowblower. In his February 29, 1988 application for disability retirement benefits, petitioner claimed the injury occurred when he lost his footing and was driven to one knee. At the hearing, petitioner repeated this latter version of the incident. The Hearing Officer elected to credit the version contained in the initial report, which made no mention of a slip, and respondent Comptroller denied the claim.

Petitioner had the burden to establish that he was disabled as a result of an accident (see, Matter of Sheehan v Regan, 84 AD2d 604, 605). It is now well settled that an injury "sustained while performing routine duties but not resulting from unexpected events" (Matter of McCambridge v McGuire, 62 NY2d 563, 568; see, Matter of Cummings v Regan, 107 AD2d 968, 969; Matter of Covel v New York State Employees' Retirement Sys., 84 AD2d 902, lv denied 55 NY2d 606) is not sustained as a result of an accident. This court has consistently held that contradictions between written versions of an incident and oral testimony at a hearing result in factual questions, based largely upon credibility, to be determined by the Comptroller (see, e.g., Matter of Odierno v Regan, 135 AD2d 898; Matter of Staffa v Regan, 86 AD2d 924; Matter of Merkle v Levitt, 69 AD2d 973). In view of the fact that petitioner's initial accident report made no mention of a slip due to loss of footing, there is sufficient support for the Comptroller's determination that petitioner was injured as a result of the ordinary physical effort required in the performance of his routine duties (see, Matter of Fabiano v Regan, 88 AD2d 687, 688; Matter of Herrmann v Levitt, 68 AD2d 957; see also, Matter of Covel v New York State Employees' Retirement Sys., supra). The decision that there was not an accident within the ambit of the statute is supported by substantial evidence and we, accordingly, must confirm.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.