■ In the Matter of CHARLES B. NEWCOMBE, Petitioner, v EDWARD V. REGAN, as Comptroller of New York State, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

The injury to petitioner's arm was the result of physical exertion in the performance of his regular duties and, as such, did not constitute an accident within the meaning of Retirement and Social Security Law § 63 *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012; *Matter of Edwards v New York State & Local Employees' Retirement Sys.,* 165 AD2d 972, 973, *lv denied* 77 NY2d 802; *Matter of Chambers v Regan,* 125 AD2d 920, 921). Here, the injury occurred when petitioner closed a window in the courtroom, a task which he admitted doing on several occasions in the past *(see, Matter of Malenda v Regan,* 134 AD2d 808, 808-809). Consequently, respondent's determination denying petitioner's application for accidental disability retirement benefits is supported by substantial evidence and must be upheld. Finally, the fact that petitioner may have suffered an accident under the Workers' Compensation Law is not binding on respondent *(see, Matter of Leone v Regan,* 146 AD2d 869, 870).

Mahoney, P. J., Casey, Mikoll, Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.