■ In the Matter of RICHARD J. MARTINSON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner's applications for accidental and performance of duty disability retirement benefits filed February 29, 1988 were initially disapproved on the ground that the cause of the disability described did not constitute an occurrence sustained in the performance of his duties as a firefighter. After a hearing, the initial determinations were upheld on the basis that petitioner was "not in service" when the alleged incident occurred, as required by Retirement and Social Security Law §§ 363 and 363-c. This proceeding ensued.

The only issue raised in this proceeding is whether respondent's final determination is supported by substantial evidence. We find that it is. The determination should therefore be confirmed and the petition dismissed.

Petitioner was a firefighter in the employ of the City of White Plains in Westchester County. He began work at 6:00 P.M. on February 23, 1987 and his shift was to end at 8:00 A.M. the following day. He claimed that the injury to his back causing his disability occurred when he went from the fire station to his car to warm it up between 7:55 A.M. and 8:00 A.M. As he attempted to enter his car his foot slipped on some ice or snow, causing him to twist and injure his back in steadying himself. Earlier reports of the accident, however, signed by petitioner and/or recorded at the fire station placed the time of the occurrence after 8:00 A.M., when his shift ended. Questions of fact and of credibility are for respondent to resolve *(see, Matter of Merkle v Levitt,* 69 AD2d 973; *Matter*

*of Herrmann v Levitt,* 68 AD2d 957). On the evidence presented, respondent could properly conclude that petitioner was not "in service" at the time of the incident and thus was not entitled to the benefits claimed *(see, Matter of Marino v Regan,* 117 AD2d 845, 846; *Matter of Smith v Regan,* 115 AD2d 161).

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.