■ In the Matter of SALVATORE FARRUGGIO, Petitioner, v CARL McCALL, as Comptroller of the State of New York, Respondent. [635 NYS2d 343] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of re-

spondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police lieutenant, injured his shoulder while attempting to open a sliding door to a closet located in his office. His claim for accidental disability retirement benefits was denied on the basis that his injury did not result from an "accident" within the meaning of Retirement and Social Security Law § 363. Petitioner asserts that this determination is not supported by substantial evidence. We disagree.

In order for an injury to be considered "accidental", it must result from a sudden, unexpected and fortuitous mischance unrelated to the ordinary risks of employment (*see, Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568). Petitioner testified that he injured his shoulder while attempting to open a sliding door which unexpectedly stuck. Respondent, however, found this testimony inconsistent with written reports in which petitioner failed to indicate that the door stuck. Respondent is vested with exclusive discretion to evaluate this evidence and determine issues of credibility (*see, Matter of Seim v Regan*, 191 AD2d 931, 932; *Matter of Esposito v Regan*, 162 AD2d 870, 871). In view of this, as well as petitioner's testimony that he accessed the subject closet routinely in the course of his duties, substantial evidence supports respondent's finding that petitioner's injury did not result from an "accident" within the meaning of Retirement and Social Security Law § 363. Accordingly, the administrative determination must be confirmed.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.