■ In the Matter of JOSEPH A. CANTELLO, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. —Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

The facts are undisputed. Petitioner, a Suffolk County police officer since 1964, was injured in February 1969 when he fell in the police department's parking lot adjacent to the building where he was to report for duty as a dispatcher or a 911 operator. Following this injury, petitioner went to his assigned work and reported the incident. He completed his shift. Petitioner continued to work until November 1984 at which time he apparently became physically unable to perform his duties. He continued to receive full pay and benefits from the police

department which considered his injury to have been incurred in the line of duty. Nonetheless, petitioner's application on September 25, 1985 for accidental disability retirement benefits under Retirement and Social Security Law § 363 was denied. Following hearings on the matter, the denial of petitioner's application was sustained by the Hearing Officer. This determination was adopted by respondent Comptroller who concluded that petitioner's disability was not sustained in the performance of his paid services as a police officer. Petitioner then commenced this CPLR article 78 proceeding to challenge this determination and it was transferred to this court pursuant to CPLR 7804 (g).

The authority to determine applications for retirement benefits is vested solely in the Comptroller and his determination must be upheld if supported by substantial evidence (Retirement and Social Security Law § 374 [b]; *Matter of Fragetti v New York State Policemen's & Firemen's Retirement Sys.*, 139 AD2d 867). Petitioner's duties for the day he fell were to act as a dispatcher or 911 operator and it is undisputed that he had not commenced these duties prior to his fall. Since substantial evidence supports the determination that petitioner's accident occurred prior to his shift and not in the course of his duties *(see, Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Smith v Regan,* 115 AD2d 161; *cf., Matter of Alessio v New York City Employees' Retirement Sys.,* 67 NY2d 978), the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.