■ In the Matter of GEORGE F. OKON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's requests for accidental and performance of duty disability retirement benefits.

Petitioner was employed as a police officer with the Westchester County Police Department as a radio operator and patrol officer. On February 5, 1989, petitioner's assigned tour of duty was to run from 3:30 P.M. to 11:30 P.M. Petitioner testified that under the rules of the police department, he was to appear for work five minutes before his shift began and he appeared for work at 3:25 P.M. on that day. According to petitioner's testimony, he entered the police locker room and started to change his clothes when he remembered that he left his wallet outside in his car. After he went outside to retrieve it, petitioner stated that he slipped and fell as he was reentering the building. Petitioner sustained back injuries as a result of this fall and was taken to the hospital. In March 1989 petitioner filed applications for accidental disability retirement and performance of duty disability retirement benefits. Petitioner's applications were initially disapproved and he requested a hearing. Following the hearing, the initial determinations were upheld on the basis that petitioner was "not * * * in service" at the time of the incident causing his back injury. Petitioner then commenced this CPLR article 78 proceeding challenging the determination which was ultimately transferred to this court.

We confirm. Contrary to petitioner's arguments, there is substantial evidence in the record to support respondent's conclusion that petitioner was not in service at the time he was injured on February 5, 1989 (see, e.g., Matter of Martinson v Regan, 176 AD2d 1121; Matter of Farley v Regan, 162 AD2d 905). We note that there is conflicting evidence concerning what time the accident took place and whether it occurred at the start of petitioner's shift as he claimed. A report from an eyewitness to the accident states that the accident occurred at approximately 3:15 P.M. The conflicting proof created a credibility question that respondent was free to decide adversely to petitioner (see, Matter of Dering v Regan, 177 AD2d 931, 932). Even more dispositive of the issue, however, is the undisputed proof in the record that petitioner had not commenced his duties and did not have his uniform on at the time he was injured (see, Matter of Cantello v Regan, 154 AD2d 867, 868). It was therefore rational for respondent to conclude that petitioner fell while entering his place of employment prior to his tour of duty.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.