■ In the Matter of JOHN KOPEC, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [634 NYS2d 65] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about January 25, 1994, which, in a proceeding pursuant to CPLR article 78 seeking to annul respondents' determination denying petitioner's application for accidental disability retirement benefits, denied the application, unanimously affirmed, without costs.

Petitioner was shot by a fellow police officer, with whom he was romantically involved, while visiting her in her home and

off-duty, and claims that he was attempting to disarm her. While petitioner's off-duty status does not necessarily preclude a line-of-duty finding, it is also true that petitioner's attempt to disarm his assailant does not, as the IAS Court aptly put it, necessarily "transform a personal drama in which he was a principal player into a police action undertaken in the line of duty". Petitioner's off-duty status, his personal relationship with his assailant, the occurrence of the incident in a private residence, and the absence of any threat to the public at large combine to provide a rational basis for respondents' determination that petitioner was not in "city-service" within the meaning of Administrative Code of the City of New York § 13-252. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.