■ In the Matter of SCOTT A. RUBENSTEIN, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [43 NYS3d 30]—

---

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered July 24, 2015, which denied the petition seeking to annul respondents' determination, dated November 20, 2014, denying petitioner's application for accidental disability retirement, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court did not err in declining to transfer the proceeding pursuant to CPLR 7804 (g). First, because the hearing before a hearing officer was not transcribed or recorded, the hearing was not a quasi-judicial hearing which would implicate substantial evidence review under CPLR 7803 (3) (*see Matter of Milt-Nik Land Corp. v City of Yonkers*, 24 AD3d 446, 447 [2d Dept 2005]). In any event, there were no material factual disputes regarding the nature, circumstances, and causation of petitioner's injuries, and thus no contested issues of substantial evidence to resolve (*see Matter of Rosenkrantz v McMickens*, 131 AD2d 389 [1987]). The only question presented in the court below was whether, based on the uncontested facts, respondents acted arbitrarily, abused their discretion, or committed an error of law, in concluding that petitioner's injuries were not sustained while he was "in service," and thus that he did not qualify for accidental disability retirement.

The court properly found that respondents rationally determined that petitioner's injuries—which occurred 30 minutes before his tour of duty was to begin, and before he had commenced his duties, in the MTA Police Department parking lot—were not sustained while he was "in service" (*see Matter of Cantello v Regan*, 154 AD2d 867 [3d Dept 1989]; *Matter of Okon v Regan*, 185 AD2d 438 [3d Dept 1992]). The facts here are readily distinguishable from those in *Matter of De Zago v New York State Police & Firemen's Retirement Sys.* (157 AD2d 957 [3d Dept 1990]), relied on by petitioner, where, although the injuries occurred 15 minutes before the starting time of the petitioner's tour, the court found that they were sustained in the line of duty because the petitioner was in uniform at the time, and actually performing police duties pursuant to a longstanding procedure in that department that required that officers report to work 15 to 30 minutes before their tours of duty began for "pretour preparations." Accordingly, the court below correctly found that respondents' determination was not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &*

*Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).
Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.