| Correa v Sewell |
|:---:|
| 2024 NY Slip Op 33541(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152198/2023 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHLEEN WATERMAN-MARSHALL

*Justice*

--------------------------------------------------------------------------------X

JONATHAN CORREA,

Plaintiff,

- v -

KEECHANT SEWELL, THE BOARD OF TRUSTEES OF
THE POLICE PENSION FUND, ARTICLE II, NEW YORK
CITY POLICE DEPARTMENT, CITY OF NEW YORK

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 09M |
| INDEX NO. | 152198/2023 |
| MOTION DATE | 03/07/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                    ARdTICLE 78 (BODY OR OFFICER)                    .

By the instant Article 78 proceeding, and upon the forgoing documents, Petitioner seeks to annul the determination of Respondents, Keechant Sewell, the Board of Trustees of the Police Pension Fund ("Board of Trustees"), the New York City Police Department ("NYPD") and the City of New York (collectively "Respondents"), which denied his application for Accident Disability Retirement pension benefits pursuant to the New York City Administrative Code §13-252 and instead retired him on an Ordinary Disability Retirement ("ODR") pension, as arbitrary and capricious. Petitioner further seeks an order directing Respondents to award him Accident Disability Retirement.

Respondents oppose, contending that their determination was supported by the evidence, and neither arbitrary nor capricious. Respondents seeks dismissal of the petition.

## Factual Background

This matter arises out of Respondents' finding Petitioner was not entitled to an Accident Disability Retirement pension, and instead entitled to an Ordinary Disability Retirement pension, following an incident at petitioner's friend's home.[1] The underlying facts are generally undisputed.

Petitioner was appointed as a NYPD Police Officer on January 11, 2010. Shortly after midnight on September 15, 2019, while Petitioner was off-duty visiting his friend Debra's apartment, Debra's brother, Brandon, entered the apartment and forced the door open to the bedroom where Debra and Petitioner were watching television. Brandon had been residing with

---

[1] The Court is mindful of unnecessarily identifying individuals given the nature of the incident and the relationships of the parties involved. Therefore, the Court uses only the first names of individuals involved in the incident.

**152198/2023   CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**                    **Page 1 of 6**
**Motion No.  001**

Debra; however, she had previously informed him he was no longer welcome to stay with her. Upon entering the apartment, Brandon told Petitioner to leave, and, in sum and substance, stated to Debra that he believed she was kicking him out of her apartment in favor of having Petitioner stay with her. Brandon then grabbed Debra's hair. Petitioner attempted to stop Brandon from assaulting Debra by physically intervening. Brandon then used a screwdriver to strike Petitioner in the forehead, the left eye, and mouth. Petitioner's wounds caused him to bleed heavily. Debra attempted to call 911, however Brandon broke her telephone. A neighbor called 911 and the assailant was arrested in front of the apartment building. Emergency Medical Services (EMS) arrived and transported Debra to the Hospital. Petitioner was not at the scene when police or EMS arrived, having previously left the scene in a taxi for the hospital, where he received 10 stitches in his upper forehead.

During the incident, Petitioner did not identify himself as a Police Officer or display a NYPD shield. He did not contemporaneously report the incident to the NYPD by calling 911 or notifying his precinct. Petitioner did, however, report the incident after he was discharged from hospital approximately 5 hours later.

The same day as the incident, Petitioner filed a Line of Duty ("LOD") injury application with NYPD. The LOD application was initially disapproved, but shortly thereafter approved. Petitioner received additional medical care for his injuries, including surgery, paid for by the NYPD pursuant to his approved LOD injury application. Nevertheless, Petitioner continued to suffer from eye and vision issues preventing his return to full duty. Petitioner filed an application for disability retirement benefits and on March 22, 2022, the Police Pension Fund's Medical Board ("the Medical Board") found Petitioner to be permanently disabled for police work and recommended the approval of Accident Disability Retirement benefits.

Petitioner's retirement application was then reviewed by the Board of Trustees, to determine whether Petitioner's injury occurred while he was in city service.[2] Multiple Board of Trustees meetings were held to discuss whether the petitioner was acting in a city service capacity when he was permanently disabled for police work. Ultimately, when the Board of Trustees voted on the issue, they were deadlocked; 6 members voted in favor of finding Petitioner's injuries occurred in the line of duty, while 6 members voted against finding the injuries occurred in the line of duty. Consequently, pursuant to long standing procedures affirmed by the Court of Appeals, the tie-vote was resolved in favor of the City members of the Board of Trustees.[3] Thus, Petitioner's application for Accident Disability Retirement was denied and he was awarded Ordinary Disability Retirement.

Petitioner thereafter brought the instant Article 78 proceeding contending that the Respondents' determination was based upon unsupported speculation, without sound basis in reason, and was arbitrary and capricious. Petitioner further alleges that the Board of Trustees'

---

[2] The record reveals there was no genuine dispute whether Petitioner was incapacitated, the Medical Board found he was, or whether he caused his own injuries by willful negligence, he did not. The members of the Board of Trustees did, however, disagree as to whether Petitioner's incident occurred while he was in city service.

[3] *Matter of City of New York v Schoeck*, 294 NY 559 (1945).

**152198/2023   CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**                    **Page 2 of 6**
**Motion No.  001**

2 of 6

final decision is not in a form which "permit[s] adequate judicial review" (*Matter of Perkins v Board of Trustees of NY Fire Dept. Art. 1-B Pension Fund*, 59 AD2d 696 [1st Dept 1977]).[4]

## Applicable Law
*Article 78*

The standard of review of an agency determination via an Article 78 proceeding is well established. The Court must determine whether there is a rational basis for the agency's determination or whether the determination is arbitrary and capricious (*Matter of Gilman v New York State Div. of Housing and Community Renewal*, 99 NY2d 144 [2002]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Peckham v Calogero*, 12 NY2d 424 [2009]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). When an agency determination is supported by a rational basis, this Court must sustain the determination, notwithstanding that the Court would reach a different result than that of the agency (*Peckham v Calogero*, 12 NY2d at 431).

*Accidental Disability Retirement*

Pursuant to New York City Administrative Code §13-252, NYPD officers who become disabled may receive Accidental Disability Retirement benefits "…only when an examination and investigation shows that the applicant is physically or mentally incapacitated for the performance of duty as a natural or proximate result of an accidental injury received in the line of duty, and that such disability was not the result of willful negligence on the part of the applicant." (*Picciurro v Board of Trustees of New York City Police Pension Fund*, 46 AD3d 346, 348 [1st Dept 2007]). An officer's application for Accidental Disability Retirement benefits involves two steps: (1) the Medical Board examines the applicant, reviews the submitted evidence, makes a finding as to whether the applicant is disabled, and makes a non-binding recommendation to the Board of Trustees as to whether the applicant's disability occurred in city service (causation); and (2) the Board of Trustees, bound by the Medical Board's findings on disability, considers the Medical Board's recommendation regarding causation, but reaches its own determination as to causation (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]; *Matter of Stavropoulos v Bratton*, 148 AD3d 449, 450 [1st Dept 2007]). While a police officer's off-duty status does not preclude a finding that they acted in city service, not every situation in which a police officer is involved constitutes city service (*Matter of Kopec v Kelly*, 221 AD2d 252 [1st Dept 1995]). The officer bears the burden of establishing that they were acting in performance of their duty when they were injured (*Matter of Breslin v New York City Police Pension Fund Bd. of Trustees*, 92 AD2d 800 [1st Dept 1983] *aff'd* 60 NY2d 622 [1983]).

---

[4] Although not expressly raised in the petition, Petitioner's Memorandum of Law (NYSCEF Doc. No. 16) argues that Respondents' determination is not based on substantial evidence. The raising of a substantial evidence issue, even cursorily, may trigger review by the Appellate Division, pursuant to CPLR § 7804(g) (*Matter of Spry v Delaware County*, 253 AD2d 178 [3d Dept 1999]). However, substantial evidence review by the Appellate Division pursuant to CPLR § 7804(g) is appropriate only in quasi-judicial matters before a hearing officer; the determination of Accident Disability Retirement benefits is not such a matter (*Rubenstein v. Metropolitan Transp. Authority*, 145 AD3d 453 [1st Dept 2016] [proper to decline transfer of Article 78 arising from denial of accidental disability retirement as not a quasi-judicial hearing implicating substantial evidence review]).

**152198/2023  CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**  Page 3 of 6
Motion No.  001

3 of 6

The Board of Trustees is permitted to reach a determination contrary to that of the Medical Board and need not adhere to the Medical Board's recommendation of accidental disability, where the Board of Trustees' decision is based on substantial evidence (*id*. at 761). However, where the Board's determination is not supported by credible evidence or is otherwise arbitrary and capricious, this court is empowered to reverse the board's determination (*id*.; *see also Matter of Salvia v. Bratton*, 159 AD3d 583 [1st Dept 2018] *lv. denied* 31 NY3d 913 [2018] [conclusory Board of Trustees' determination is not supported by credible evidence]).

"Ordinarily, the decision of the board of trustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (*Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 351 [1983]). However, if the Board of Trustees' vote results in a six-to-six tie, "the standard of judicial review is necessarily different. There has been no factual determination by the board to be subjected to review under the normal substantial evidence standard" (*id*. at 352). "The reviewing court may not set aside the Board of Trustees' denial of accidental disability retirement resulting from such a tie vote unless 'it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident'" (*Matter of Meyers v. Board of Trs. of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997] *quoting Matter of Canfora v Board of Trustees*, 60 NY2d at 352).

## Discussion

The instant matter turns on whether Petitioner was injured while in city service. Petitioner alleges that the Board of Trustees failed to consider the totality of the evidence and circumstances surrounding the incident, which show that he was acting as a police officer when he was injured, and, consequently, Respondent's denial of his application was arbitrary and capricious. Respondents contend that Petitioner failed to establish he was acting in city service when he was injured and, therefore, their denial of his application was neither arbitrary nor capricious.

As an initial procedural matter, to the extent that Petitioner contends Respondents failed to create an adequate record for judicial review, the Court disagrees. The record on this Article 78 matter contains, inter alia: Petitioner's line of duty injury documents, Petitioner's disability retirement application, Petitioner's medical records, the Medical Board's written opinion, the transcripts from the Board of Trustees meetings discussing Petitioner's application, written arguments in support of Petitioner's application, and the Police Pension Fund's letter advising of the Board of Trustees' tie vote. Contrary to Petitioner's position, the proceedings before Respondents created a sufficient record for review via this Article 78 proceeding.

Turning to the merits, the undisputed facts support Respondents' determination that Petitioner was not injured while in city service. The incident occurred shortly after midnight while Petitioner was off duty in the bedroom of a friend's private home and arose from a personal family dispute between the friend and her brother involving Petitioner. During the incident, Petitioner never identified himself as a police officer, never showed his badge, never attempted to place anyone under arrest, and never called 911 or otherwise notified the NYPD of the ongoing assault. Petitioner left the scene under his own power and via a taxi without

**152198/2023   CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**                    **Page 4 of 6**
**Motion No.  001**

4 of 6

notifying the NYPD of the incident. Petitioner first notified NYPD of the incident after he was discharged from the hospital approximately 5 hours later. Notably, the victim-friend was transported from the scene via ambulance and the attacker-brother was arrested outside the building by police after a bystander called 911.

Under these facts, it cannot be said that Petitioner intervened to help an unknown member of the public or in the interest of the public (*c.f. Matter of Hoehn v NYS Comptroller*, 122 AD3d 984 [3d Dept 2014] [line of duty injury found where off-duty officer came upon a disabled vehicle on the roadway and was injured in attempting to push the vehicle from the roadway so it did not pose risk to the public]). Indeed, of the authority cited by the parties, the instant matter is most analogous to *Matter of Kopec v Kelly*, where an officer was shot by another officer with whom he was romantically involved while visiting her home (221 AD2d 525 [1st Dept 1995]). There, the First Department found that the personal relationship, location of the incident in a private residence, and absence of any threat to the public at large all supported a finding that the injured officer was not in city service when he was injured, and the Court affirmed the denial of the injured officer's application for Accidental Disability Retirement benefits (*id.*). The First Department noted, in agreement with the trial court, that an off-duty officer's attempt to disarm their assailant does not necessarily "transform a personal drama in which he was a principal player into a place action undertaken in the line of duty" (*id.* at 253). As with *Matter of Kopec*, the instant incident occurred in a private residence with parties who had personal relationships and did not pose a threat to the general public. Petitioner was embroiled in a personal drama between siblings, in which the attacker-brother remarked to the victim-sister, immediately before the assault, in sum and substance, that she was kicking him out of her house in favor of Petitioner. Accordingly, Respondents' determination that Petitioner was not in city service at the time of his injury is supported by substantial evidence.

To the extent that the Board of Trustees' determination - that Petitioner's injury did not occur in furtherance of city service - conflicts with the NYPD's determination - that the injury occurred in the line of duty for medical expense purposes - no authority is provided establishing that the Board of Trustees' is estopped or bound by the NYPD's determination. Indeed, the Board of Trustees is not required to adopt recommendations regarding whether the injury occurred in city service (*see e.g.* New York City Administrative Code §13-252; *Matter of Borenstein v. New York City Employees' Retirement Sys.*, 88 NY2d at 760).

Petitioner also argues that if he had not intervened in the incident, he would have been disciplined for failing to take police action in the face of a crime. Thus, he argues that the Respondent's determination denying him Accidental Disability Retirement presents police officers with a Hobson's choice: take required police action without the benefit of Accidental Disability Retirement should career-ending injury occur, or stand idly by without intervening to stop a crime in dereliction of duty and face concomitant discipline for failing to act. Relatedly, Petitioner alleges the Respondents' determination may prevent a future off-duty officer from intervening in a future active shooter scenario.

Petitioner's argument is effectively one of public policy and it is sufficient to note, in this action, that policy considerations are beyond the scope of an Article 78 proceeding. Courts are

**152198/2023   CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**                                        **Page 5 of 6**
**Motion No.  001**

5 of 6

constrained to review Respondents' determination under the rational basis and arbitrary and capricious standard attendant to Article 78 proceedings of this type.

## Conclusion

Given the Board of Trustees' tie-vote, the Court can only set aside the Board of Trustees' determination if, as a matter of law the disability was the natural and proximate result of a service-related accident. As a matter of law, it cannot be said that Petitioner's injury was the proximate result of a service-related accident. Respondent's determination that Petitioner was involved in a personal dispute and not acting in city service when he was injured is neither arbitrary nor capricious. Consequently, Petitioner's Article 78 petition must be denied. The Court does not reach this determination lightly, cognizant of the significant differences between Ordinary Disability Retirement and Accident Disability Retirement.

Accordingly, it is

**ORDERED** that, the petition is denied in its entirety and the matter shall be marked disposed

**10/7/2024**
_____
**DATE**

_____
**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152198/2023   CORREA, JONATHAN vs. SEWELL, KEECHANT ET AL**
Motion No.  001

Page 6 of 6